### DUKE v. COMMISSIONER OF INTERNAL REVENUE.

No. 44, Docket 22363.

United States Court of Appeals
Second Circuit.

Argued Oct. 7, 1952.

Decided Nov. 3, 1952.

Writ of Certiorari Denied March 9, 1953.

See 73 S.Ct. 645.

The findings and opinion of the Tax Court read as follows:

"The respondent determined a deficiency in petitioner's gift tax liability for the calendar year 1947 in the amount of $3,915. The sole question presented for decision is whether the value of the gift of jewelry was $87,000, as reported, or $104,400 as adjusted by the respondent in determining the deficiency.

#### "Findings of Fact

"The facts are stipulated and they are so found.

"On March 11, 1948, petitioner filed a gift tax return for the calendar year 1947 with the collector of internal revenue for the second district of New York.

"During the year 1947 petitioner, in arm's length transactions, made two purchases from a retail jeweler of certain jewelry, which he presented to his wife in that year as gifts.

"The first purchase of jewelry was made on or about September 4, 1947. The retail price was $71,875 and the amount of the federal retailer's excise tax paid was $13,375, or a total of $86,250. In the same month the petitioner gave this jewelry to his wife. The second purchase of jewelry was made in December 1947. The retail price paid for the jewelry was $15,125 and the federal retailer's excise tax paid amounted to $3,025, or a total of $18,150. Petitioner gave this jewelry to his wife in December 1947.

"On his 1947 gift tax return, petitioner valued the gifts at the retail price he paid and did not include the federal retailer's excise tax paid on his purchases. In determining the deficiency in gift tax for the year 1947 respondent increased the value of the gifts by the amount of the federal retailer's excise tax paid.

"Opinion

"Hill, Judge: The facts of the case limit the question of the value of the property to the donor's cost, and the sole issue presented for decision is whether respondent erred in increasing the value of the [21] gifts by the amount of the federal retailer's excise tax paid by the petitioner when he made the purchases.

"The facts of this case are substantially the same as those presented in the Estate of Frank Miller Gould, 14 T.C. 414, which was reviewed by this Court. Following the opinion expressed in that case, we hold that where the donor's cost is the determinative value of a gift for federal gift tax purposes it includes the amount of the federal retailer's excise tax paid thereon."

Pertinent provisions of 26 U.S.C. 1946 ed. read as follows:

"§ 1000. *Imposition of tax.*

"(a) For the calendar year 1940 and each calendar year thereafter a tax, computed as provided in section 1001, shall be imposed upon the transfer during such calendar year by any individual, resident or nonresident, of property by gift. * * *"

"§ 1005. *Gifts made in property.*

"If the gift is made in property, the value thereof at the date of the gift shall be considered the amount of the gift."

"§ 2403. *Return and payment of retailers' excise taxes.*

"(a) Every person who sells at retail any article taxable under this chapter shall make monthly returns under oath in duplicate and pay the taxes imposed by this chapter to the collector for the district in which is located his principal place of business or, if he has no principal place of business in the United States, then to the collector at Baltimore, Maryland. Such returns shall contain such information and be made at such times and in such manner as the Commissioner, with the approval of the Secretary, may by regulations prescribe. * *

"(c) In determining, for the purposes of this chapter, the price for which an article is sold, there shall be included any charge for coverings and containers of whatever nature, and any charge incident to placing the article in condition packed ready for shipment, but there shall be excluded the amount of tax imposed by this chapter, whether or not stated as a separate charge."

"§ 2409. *Penalty for representation that tax is not passed on.*

"Whoever in connection with the sale or lease, or offer for sale or lease, of any article taxable under this chapter, makes any statement, written or oral, in advertisement or otherwise, intended or calculated to lead any person to believe that the price of the article does not include the tax imposed by this chapter, shall on conviction thereof be punished by a fine of not more than $1,000."

Treasury Regulations 108 read in part as follows:

"Sec. 86.17. *Gifts Made in Property.* A gift made in property is subject to the tax in the same manner as a gift of cash, and the amount of the gift is the value of the property at the date of the gift. * * *

"Sec. 86.19. *Valuation of Property.* (a) *General.* The statute provides that if the gift is made in property, the value thereof at the date of the gift shall be considered the amount of the gift. The value of the property is the price at which such property would change hands between a willing buyer and a willing seller, neither being under any compulsion to buy or to sell. The

value of a particular kind of property is not to be determined by a forced sale price. Such value is to be determined by ascertaining as a basis the fair market value at the time of the gift of each unit of the property. For example, in the case of shares of stock or bonds, such unit of property is a share or a bond. All relevant facts and elements of value as of the time of the gift should be considered."

John G. Jackson, Jr., New York City, for petitioner.

Ellis N. Slack, Washington, D. C. (Joseph F. Goetten, Washington, D. C., of counsel), for respondent.

Before SWAN, Chief Judge, and L. HAND and FRANK, Circuit Judges.

FRANK, Circuit Judge.

The Commissioner determined that the value on the dates of the gifts aggregated $104,400. The taxpayer, who had the burden of proving the error of this figure, failed to discharge it. The sole evidence consisted of the cost to the taxpayer of obtaining the jewelry, in both instances a short time before the gift. He did not show, by introducing an expert's testimony or otherwise, that the amounts he paid for the jewelry exceeded the jewelry's worth. Absent any proof except what it cost the taxpayer, the Commissioner reasonably measured the value by that cost. The taxpayer contends, however, that but a part of that cost should be the value-measure, i. e., the cost to taxpayer minus the amount of the retailer's excise tax. We cannot agree. We think that the amount of that tax represents part of the cost—of the price paid—by the purchaser.[1]

Affirmed.

---

1. Section 2409 forbids a seller to represent that "the price of the article does not include the tax".

In Estate of Gould v. Commissioner, 14 T.C. 414, the Tax Court said: "The petitioner argues that the seller was able to keep only $58,000 for himself out of the total of $63,800 paid by the decedent, since the seller had to turn over the difference of $5,800 to the collector of internal revenue. The petitioner might go further and point out that the seller could not retain all of the $58,000 for himself. There were other items, like this excise tax, which he would pay and which he could deduct in computing his profit. There might have been a commission on the sale and a customs duty on the ring. He undoubtedly had overhead and other expenses, including, perhaps, other taxes, yet it is not suggested that any of those items should be deducted in determining the value of the ring for gift tax purposes. The purchase prices of many articles nowadays include taxes which the man on the street, if he thinks of them at all, regards as part of the cost or purchase price of the article. For example, over one-half of the current price of cigarettes is charged because of taxes which the seller must pay. Yet, if one friend gives another a carton of cigarettes, both probably would regard the gift as having a value equal to the cost of the cigarettes, including whatever taxes were involved. They probably would not even know the price exclusive of tax. Thus, although the entire deficiency represents the gift tax on that portion of the total value represented by the excise tax, it is likewise probably true that a part of the total tax represents a tax upon other amounts which the seller cannot retain for himself and which add no inherent value to the ring itself. In short, the net amount which the seller can retain for his very own does not necessarily establish the value here in question."

In the Gould case, six of the fourteen judges dissented.